UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS LATWIAN HARRIS,

                Plaintiff,

v.                                                      Case Number: 09-CV-11006
                                                      Honorable Arthur J. Tarnow

G. ROBERT COTTON CORRECTIONAL
FACILITY, *et. al.*,

                Defendants.
_____/

## OPINION AND ORDER
## DISMISSING COMPLAINT AND DENYING MOTIONS

### I. Introduction

Karlos Latwian Harris ("Plaintiff"), a Michigan prisoner, has filed a civil complaint seeking damages, which the Court construes as a complaint brought pursuant to 42 U.S.C. § 1983. (Dkt. # 1.) Plaintiff has also filed motions for a temporary restraining order and preliminary injunction and for alternate service. (Dkt. ## 3 & 4.) The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

In his complaint, Plaintiff alleges that Defendants arbitrarily seized his private property, namely taking his picture, by means of intimidation, extortion, and fraud. Plaintiff names the G. Robert Cotton Correctional Facility and Sergeant Parsons, an employee, as Defendants in this action. He seeks monetary damages and injunctive relief. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted. As a result of the dismissal of this action, Plaintiff's motions for a temporary restraining order and preliminary injunction and for alternate service are denied as moot. (Dkt. # # 3 & 4.)

## II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff's complaint is subject to dismissal because he challenges the Prison's right to take his picture– which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Plaintiff's complaint is conclusory. Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient

to state a claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89. Here, Plaintiff alleges that Defendants took his picture by intimidating him. Plaintiff never offers anything beyond this conclusory allegation to suggest that this was a violation of some official policy. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Thus, the Court finds that Plaintiff has failed to state a proper claim under 42 U.S.C. § 1983.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint. Given this determination, the Court also **DENIES** Plaintiff's motions for a temporary restraining order and preliminary injunction and for alternate service. (Dkt. # # 3 & 4.)

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 27, 2009          United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary