UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS LATWIAN HARRIS,

          Plaintiff,

v.                                                           Case Number: 09-CV-11006
                                                           Honorable Arthur J. Tarnow

G. ROBERT COTTON CORRECTIONAL
FACILITY, *et. al.*,

          Defendants.
_____/

## OPINION AND ORDER
## DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER

### I. Introduction

On March 18, 2009, Karlos Latwian Harris ("Plaintiff"), a Michigan prisoner, filed a civil complaint seeking damages, which the Court construed as a complaint brought pursuant to 42 U.S.C. § 1983. (Dkt. # 1.) In his complaint, Plaintiff alleged that Defendants arbitrarily seized his private property, namely taking his picture, by means of intimidation, extortion, and fraud. He named the G. Robert Cotton Correctional Facility and Sergeant Parsons, an employee, as Defendants in the action. Plaintiff sought monetary damages and injunctive relief. After careful review, the Court dismissed the complaint for failure to state a claim upon which relief may be granted.

Before the Court now is Petitioner's motion for relief from judgment or order, filed pursuant to Federal Rule of Civil Procedure 60(b)(4). (Dkt. # 7.) For the reasons stated below, the motion is denied.

## II. Discussion

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Plaintiff specifics that his motion should be granted under 60(b)(4).

The Court found that Plaintiff's complaint was subject to dismissal because he challenged the Prison's right to take his picture– which failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court found that Plaintiff's complaint was conclusory. Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court found that Plaintiff never offered anything beyond his conclusory allegations to suggest that Defendants' actions were a violation of some official policy. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

Against that backdrop, the Court will deny Plaintiff's 60(b)(4) motion for relief from judgment, because he has failed to offer any arguments which this Court has not already previously considered and rejected in its prior Order. The Court properly dismissed his civil rights complaint

as frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The motion for relief from judgment is therefore denied.

### III. Conclusion

Based upon the foregoing, **IT IS ORDERED** that the motion for relief from judgment or order [dkt. # 7] is **DENIED**.

**IT IS SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: May 5, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 5, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary